IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-cv-260-TMH |
| | ) | |
| MIKE KEYS, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

Gene Coggins ("Coggins"), a *pro se* litigant with a long history of filing in this Court frivolous lawsuits and lawsuits over which this Court lacks subject matter jurisdiction,[1] brought this suit against Mike Keys on April 7, 2008. Coggins filed a motion for leave to proceed *in forma pauperis*. The Court found that Coggins met the financial requirements to proceed *in forma pauperis*, but stayed a complete ruling on the motion pending its review of the Complaint pursuant to 28 U.S.C. § 1915.

By an Order (Doc. # 17) dated May 14, 2008, this Court directed Plaintiff to file an amended complaint because the allegations of the complaint are so general and vague that they do not adequately provide notice of what the defendant is alleged to have done that

---

[1] Including this case, it appears that Coggins has filed thirty-four lawsuits in this Court since 1992. All but seven of those suits have been filed in the past five years. Thirteen of the cases have been filed in the past seven months. Many of his cases have already been dismissed. In many of the cases Coggins filed in this Court, he was suing to raise his dissatisfaction with the actions of various judicial officers from certain state or municipal courts.

would make him liable to Plaintiff. Moreover, Plaintiff does not allege whether he brings suit against the defendant in his official capacity, if any, in his individual capacity, or both. The Court required Plaintiff to file an amended complaint which specifies each wrongful act committed by Keys which Plaintiff asserts as a basis for his claims and whether he sues Keys in his official or individual capacities. The Court specifically cautioned Plaintiff that failure to comply with its Order could lead to the dismissal of his Complaint.

Coggins did not amend his complaint as ordered. Instead, he filed a motion raising a frivolous challenge to the Court's ability to enter orders in this case and shared his conclusion that in his view the Complaint was clear enough. On June 18, 2008, the Court cautioned Coggins that his response was unacceptable and once again directed him to amend the Complaint. This Order (Doc. # 19) provided even greater guidance to Coggins in the hope that he would file a proper amended complaint clarifying his claims. Again, the Court cautioned Coggins that his case could be dismissed if he failed to comply with the Court's Order.

Coggins filed nothing after receiving a copy of the June 18, 2008 Order. Simply put, Coggins refuses to amend his complaint to make the nature of his claims against Scoggins in this lawsuit clear. Although Coggins is *pro se*, his willful refusal to comply with court orders and his refusal to articulate the factual basis for his claims requires dismissal of this action. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d

1262, 1263 (11th Cir. 1998) (citation omitted). Nevertheless, a *pro se* litigant is not excused from compliance with the Federal Rules of Civil Procedure. A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (citation omitted). A court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978).[2] When a dismissal is without prejudice and plaintiff elects not to amend, for the purposes of appeal the order is a Federal Rule of Civil Procedure 41(b) adjudication on the merits. *Robinson v. Fed. Nat'l Mortgage Ass'n*, 673 F.2d 1247, 1249 (11th Cir. 1982). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In this case, Coggins was twice informed that failure to comply with the Court's orders could result in dismissal. The record indicates that Coggins was given two opportunities to amend his complaint according to the Court's specific instructions, and that he failed to do so. In defiance of this Court's Orders, Coggins has failed to articulate specific acts committed personally by the defendant to this action and failed to specify whether he was

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

suing the defendant in his official or individual capacities. Accordingly, it is hereby ORDERED that this case is DISMISSED without prejudice.

DONE this the 14th day of July, 2008.

                                                /s/ Truman M. Hobbs
                                  SENIOR UNITED STATES DISTRICT JUDGE